IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SEGRAL SEVILLE WATKINS, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
|     v. | : | |
| | : | |
| THE STATE BOARD OF | : | CIVIL ACTION NO. |
| PARDONS AND PAROLES et al., | : | 1:18-CV-770-WSD-LTW |
|     Defendants. | : | |

## <u>FINAL REPORT AND RECOMMENDATION</u>

Plaintiff is a state prisoner who, pro se, seeks relief under 42 U.S.C. § 1983

from the members of the Georgia Board of Pardons and Paroles (the "Parole Board")

and an unidentified "Subject Matter expert" ("SME") on parole guidelines. (Doc. 1.)

The Court granted Plaintiff leave to proceed *in forma pauperis* and now must screen

his complaint under 28 U.S.C. § 1915A.

A federal court must screen a prisoner's complaint to determine whether the

action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be

granted; or (3) seeks monetary relief against a defendant who is immune from such

relief. 28 U.S.C. § 1915A. To state a claim for relief under 42 U.S.C. § 1983, a

plaintiff must allege facts plausibly showing that: (1) an act or omission deprived him

of a right, privilege, or immunity secured by the Constitution or a statute of the United

AO 72A
(Rev.8/82)

States; and (2) the deprivation occurred under color of state law.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  If the alleged facts do not state a claim for relief that is plausible on its face, the complaint must be dismissed.  *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

The following allegations are taken from Plaintiff's complaint and presumed true for purposes of the § 1915A screening.  *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); (Doc. 1 at 3-4.)  The unidentified SME prepared a parole document showing Plaintiff's risk factors and calculating his risk score for parole. "With cruel intention," the SME falsely stated in the document that Plaintiff was not employed at the time of his arrest.  (Doc. 1 at 3.)

The SME's false statement regarding employment adversely affected the risk score he calculated and his recommendation regarding parole.  (*Id.*)  Using the false information, the SME recommended parole after twenty-two months of imprisonment, which was July 2017.  If the SME had calculated the score with the correct information – that Plaintiff was employed at the time of his arrest – his recommendation would have been parole after nineteen months of imprisonment, which was April 2017.

2

The Parole Board used the document the SME prepared to determine Plaintiff's tentative parole date.  The Parole Board accepted the SME's recommendation and set the tentative parole date in July 2017.  Plaintiff filed an appeal of that decision, but the Parole Board has not acted on it.  Plaintiff is still in prison and does not state why the Parole Board decided not to parole him in July 2017.

In addition to his complaint that "the (SME) lied" on the document submitted to the Parole Board, Plaintiff "feel[s]" like [he] was stereotyped." (*Id.* at 4.)  Plaintiff says it is "[a]s if the SME said, 'oh, this is a black guy, he probably didn't have a job' [i]nstead of . . . referring to the right[] information." (*Id.*)

Plaintiff seeks two forms of relief from Defendants. (*Id.*)  First, he seeks $1.2 million "for lost time and painful hardship." (*Id.*)  Second, he seeks "to be released from prison with no parole or probation." (*Id.*)

A Georgia state prisoner does not have a liberty interest in parole, and he may not pursue a claim in federal court alleging that the Parole Board's exercise of its discretion to deny him parole was a violation of his due process rights. *See Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (holding that a Georgia prisoner's due process claim regarding his parole determination was "foreclosed" because "a Georgia inmate has no liberty interest in parole").  A due process claim is viable only if the

3

Parole Board takes flagrant or unauthorized action that causes a prisoner harm. *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991).  As relevant here, the Parole Board may not "rely on knowingly false information in their determinations." *Id.* at 1442.

Plaintiff's complaint does not state a viable due process claim for at least two reasons.  First, Plaintiff failed to allege facts that would support a finding that the Parole Board knew the SME used false information to prepare his recommendation. Plaintiff alleges that the SME knew the employment information was false, but does not allege any facts to support a finding that the other Defendants – the Parole Board members who made the parole decision – knew that information was false or even saw the SME's statement regarding employment.  The claim fails for that reason alone. *See id.*; Order, *Dixon v. State Bd. of Pardons and Parole*, No. 1:01-cv-599-JEC, at *3 (N.D. Ga. Apr. 19, 2001) (dismissing under § 1915A claim that parole board relied on false information to deny parole where prisoner's allegations did not support a finding "that the Board knew the information was false"); *see also Kennedy v. Thomas*, No. 7:12-CV-311-SLB-TMP, 2013 WL 5933651, at *4 (N.D. Ala. Nov. 4, 2013) (observing that "it is a violation of the Due Process clause for a parole authority to deny parole on the basis of *knowingly* false information" and that a parole board "may

4

not use information it *knows* to be false to deny parole" (emphasis in original));

*Sullivan v. Williams*, No. 2:05-CV-1033-MEF, 2008 WL 4007020, at \*7 (M.D. Ala.

Aug. 26, 2008) ("[T]he law is clear that the Board may not rely on information they

know to be false to deny an inmate parole.").

Second, the allegations in the complaint do not support a finding that the false

information the SME allegedly used harmed Plaintiff. Although Plaintiff contends

that if the SME had used the correct information, the parole date would have been

April 2017 rather than July 2017, however, Plaintiff was not paroled in July 2017,

which was the latest date. Instead, the Parole Board obviously decided not to parole

Plaintiff even then, and his complaint does not shed any light on that decision. There

are not any allegations supporting a finding that Plaintiff is still in prison, and has not

been paroled, because the Parole Board used (knowingly or not) false information.

*See Gravitt v. Snow*, No. 1:90-CV-1023-CAM, 1990 WL 477403, at \*7 (N.D. Ga.

Nov. 27, 1990) ("Moreover, if there is no indication that the Board relied dispositively

on the false information in its parole determination, then plaintiffs' claim must fail.").

Plaintiff also has not stated a viable equal protection claim. To state such a

claim, a prisoner must allege facts supporting a plausible finding that "(1) he is

similarly situated with other prisoners who received more favorable treatment; and (2)

5

his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones*, 279 F.3d at 946-47 (quotation marks omitted). Plaintiff alleged only that he "feel[s] like" the SME engaged in racial stereotyping when he falsely stated that Plaintiff was not employed at the time of his arrest. (Doc. 1 at 4.) Plaintiff did not identify any prisoners of a different race (or any other prisoners) whom the SME treated differently or allege any facts to support a finding that the SME used false information because of Plaintiff's race. Plaintiff's conclusory allegation that he feels like the SME stereotyped him is speculation, which is not sufficient to state a viable claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."); *Fuller v. Ga. State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (holding that because the parole decision is based on many factors, a prisoner must show that he is similarly situated to other prisoners as to those specific factors and not merely in the abstract).

Finally, even if Plaintiff had stated a viable claim, he cannot obtain the relief he seeks. Defendants are immune from monetary damages. *See Fuller*, 851 F.2d at 1310 ("[T]he individual members of the Parole Board are entitled to absolute quasi-judicial immunity from a suit for damages."). Additionally, Plaintiff cannot

6

obtain the other relief he seeks – release from prison – under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). A claim for release from confinement must be raised in a petition for a writ of habeas corpus after exhausting state remedies, not in a § 1983 action. *See id.*; 28 U.S.C. § 2254(b)(1).

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A.

**SO RECOMMENDED** this ___ day of _____, 2018.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

7