# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SEGRAL SEVILLE WATKINS, | |
| Plaintiff, | |
| v. | 1:18-cv-770-WSD |
| THE STATE BOARD OF PARDONS AND PAROLES et al., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [4] ("Final R&R") recommending that this action be dismissed under 28 U.S.C. § 1915A.

## I. BACKGROUND

On February 20, 2018, Plaintiff, proceeding *pro se*, filed his Complaint [1] seeking relief under 42 U.S.C. § 1983 from the members of the Georgia Board of Pardons and Paroles (the "Parole Board") and an unidentified "Subject Matter Expert" ("SME") on parole guidelines. (See generally [1]). Plaintiff alleges that the SME prepared a parole document showing Plaintiff's risk factors and calculating his risk score for parole. ([1] at 3). "With cruel intention," the SME allegedly falsely stated in the document that Plaintiff was not employed at the time

of his arrest. (Id.). Plaintiff alleges that the SME's false statement regarding his employment adversely impacted his risk score and recommendation regarding parole. (Id.). Plaintiff contends that, had the recommendation been made based on his correct employment status, he would have received parole after nineteen months imprisonment, in April 2017. (Id.). Instead, the Parole Board used the document prepared by the SME and determined that Plaintiff should tentatively be paroled after twenty-two months' imprisonment, in July 2017. (Id.). Plaintiff seeks $1.2 million "for lost time and painful hardship" and "to be released from prison with no parole or probation." (Id.).

On March 8, 2018, the Magistrate Judge screened Plaintiff's Complaint and issued her Final R&R, recommending that this action be dismissed under 28 U.S.C. § 1915A. The parties did not file objections to the Final R&R.

## II. LEGAL STANDARDS

### A. Frivolity Review Under 28 U.S.C. § 1915A

A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief."

2

28 U.S.C. § 1915A(b). A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Plaintiff filed his Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B. Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S.

1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). The parties did not file objections to the Final R&R, and the Court thus reviews it for plain error.

## III. DISCUSSION

Plaintiff's central claim is that he was wrongfully denied a shorter parole term based on a false representation to the Parole Board relating to his employment status at the time of his arrest. A Georgia state prisoner does not, however, have a liberty interest in parole, and he may not pursue a claim in federal court alleging that the Parole Board's exercise of its discretion to deny him parole was a violation of his due process rights. See Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001) (holding that a Georgia prisoner's due process claim regarding his parole determination was "foreclosed" because "a Georgia inmate has no liberty interest in parole"). A due process claim is viable only if the Parole Board takes flagrant or unauthorized action that causes a prisoner harm. Monroe v. Thigpen, 932 F.2d

4

1437, 1441 (11th Cir. 1991). The Parole Board may not "rely on knowingly false information in their determinations." Id. at 1442.

The Magistrate Judge concluded that Plaintiff's Complaint fails to state a viable due process claim for "at least two reasons." ([4] at 4). The Magistrate Judge first found that Plaintiff did not allege facts to support a finding that the Parole Board knew the SME used false information to prepare its recommendation. (Id.). The Magistrate Judge noted that "[t]he claim fails for that reason alone." (Id.); see also Dixon v. State Bd. of Pardons and Parole, No. 1:01-cv-599-JEC, at *3 (N.D. Ga. Apr. 19, 2001) (dismissing under § 1915A claim that parole board relied on false information to deny parole where prisoner's allegations did not support a finding "that the Board knew the information was false").

The Magistrate Judge next found that the allegations in the Complaint do not support a finding that the false information the SME allegedly reported caused harm to the Plaintiff. ([4] at 5). Although Plaintiff alleges he could have been paroled approximately four months prior to his recommended parole date, he was not even paroled at his recommended parole date. (Id.). Plaintiff provides no explanation for the Parole Board's action, or allegations supporting a finding that Plaintiff is still in prison and has not been paroled based on the alleged false employment information the SME used in his report. (Id.); see also Gravitt

5

v. Snow, No. 1:90-cv-1023-CAM, 1990 WL 477403, at *7 (N.D. Ga. Nov. 27, 1990) ("Moreover, if there is no indication that the Board relied dispositively on the false information in its parole determination, then plaintiffs' claim must fail.") .

The Magistrate Judge noted finally that, "even if Plaintiff had stated a viable claim, he cannot obtain the relief he seeks" because "Defendants are immune from monetary damages." That is, "the individual members of the Parole Board are entitled to absolute quasi-judicial immunity from a suit for damages." Fuller v. Ga. State Bd. of Pardons and Paroles, 851 F.2d 1307, 1310 (11th Cir. 1988). Plaintiff's claim for release from confinement is similarly misplaced. A claim for relief from confinement must be raised in a petition for a writ of habeas corpus after exhausting state remedies, not in a § 1983 action. Priser v. Rodriguez, 411 U.S. 475, 487-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement); see also 28 U.S.C. § 2254(b)(1).

The Court finds no plain error in the Magistrate Judge's findings or recommendation, and therefore adopts the Final R&R and finds dismissal of this action warranted under 28 U.S.C. § 1915A.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [4] is **ADOPTED**.

**IT IS FURTHER ORDERED** Plaintiff's Complaint [1] is **DISMISSED**.

**SO ORDERED** this 27th day of June, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE